Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **ESTRELLA HOMES II, LLC**<br>**Peticionaria**<br><br>v.<br><br>TRIBUNAL DE PRIMERA INSTANCIA, SALA DE YAUCO EN SABANA GRANDE-HONORABLE JUEZ LYNETTE ORTIZ MARTÍNEZ<br>Recurrida | KLRX202400016 | *Mandamus* procedente del Tribunal de Primera Instancia, Sala de Yauco en Sabana Grance<br><br>Caso Núm.:<br>J4CI201700089<br><br>Sobre:<br>Cobro de Dinero Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de octubre de 2024.

Comparece Estrella Home II, LLC. y nos solicita la expedición de un auto de *mandamus* para que ordenemos al Tribunal de Primera Instancia, que atienda varias mociones *post sentencia* relacionadas a un segundo relevo de sentencia y para que emita la correspondiente orden y mandamiento de lanzamiento de los ocupantes de una propiedad que fue subastada y adjudicada desde el año 2022.[1]

Por los fundamentos que exponemos a continuación, se deniega el auto de *mandamus*.

I.

El recurso que nos ocupa trata sobre los tramites *post sentencia* de un pleito de cobro de dinero y ejecución de hipoteca, cuya sentencia fue dictada el 17 de agosto de 2021 a favor de Estrella Home II, LLC. Siendo el dictamen uno final y firme, el 13

---

[1] Es un caso de cobro de dinero y ejecución de hipoteca radicado en el 2017, cuya sentencia fue dictada el 17 de agosto de 2021. La propiedad fue vendida en pública subasta el 14 de septiembre de 2022. La orden de confirmación fue dictada el 15 de septiembre de 2022. El 2 de noviembre de 2022, fue otorgada la correspondiente Escritura sobre Venta Judicial y fue posteriormente presentada ante el Registro de la Propiedad.

de octubre de 2021, Estrella Home II, LLC solicitó la correspondiente orden y mandamiento para ejecutar su sentencia.

Luego de varios tramites los cuales no resultan necesario mencionar, el 12 de enero de 2023, el TPI dejó sin efecto la orden de lanzamiento que había dictado. Lo anterior, con el propósito que las agencias gubernamentales pertinentes asistieran a los demandados antes de ser lanzados.

Surgen como alegaciones del recurso, que a los demandados les ofrecieron varias alternativas y asistencia gubernamental, las cuales nunca aceptaron. También el acreedor hipotecario les ofreció venderles la propiedad, pero ellos nuca contestaron. Ante ese escenario de inmovilidad, Estrella Home II, LLC solicitó al TPI una nueva orden y mandamiento de lanzamiento en octubre de 2023. A la fecha de presentación del recurso de *mandamus* que nos ocupa, el foro primario no había atendido las solicitudes de Estrella Home II, LLC.[2]

El 21 de octubre de 2024, emitimos una *Resolución* ordenándole a la Jueza Ortiz Martínez que mostrara causa por las cuales no debíamos expedir el auto solicitado. El 24 de octubre de 2024, la Jueza Ortiz Martínez compareció informando que el 23 de octubre de 2024 había dispuesto y notificado todos los asuntos pendientes en el caso. Al momento Estrella Home II, LLC no ha replicado u objetado lo informado por el foro primario.

II.

El Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421, define el auto de *mandamus* como un recurso altamente privilegiado, dictado por un tribunal de justicia a nombre del Gobierno de Puerto Rico y dirigido a alguna persona, corporación o

---

[2] En la conclusión del recurso -página 16- se mencionan que son ocho (8) las mociones pendientes de resolver como parte del trámite *post sentencia*.

tribunal de inferior jerarquía, requiriéndole el cumplimiento de algún acto dentro de sus atribuciones o deberes ministeriales.

El auto de *mandamus* sólo procede para exigir el cumplimiento de un deber impuesto por la ley; es decir, un deber calificado de "ministerial" y que, como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *AMPR v. Srio. Educación, ELA*, 178 DPR 253, 263 (2010). Por tanto, el requisito fundamental para expedir el recurso de *mandamus* es la constancia de un deber claramente exigido por ley que debe ser ejecutado. Si la ley prescribe y define el deber que debe cumplirse con tal precisión y certeza que nada deja al ejercicio de la discreción o juicio, el acto es ministerial. *Íd.* Por el contrario, cuando la ejecución del acto o la acción que se describe depende de la discreción o juicio del funcionario, tal deber no es ministerial y como tal, queda fuera del ámbito del recurso de *mandamus. Íd.*

El deber ministerial que exige el *mandamus* debe emanar de un empleo, cargo o función pública, por lo que el recurso procede contra todos los funcionarios del ejecutivo. *Noriega v. Hernández Colón,* 135 DPR 406, 449 (1994). Puede presentarse en contra funcionarios públicos, cualquier agencia, junta o tribunal inferior de nuestro sistema judicial, siempre que éstos estén obligados a ejecutar un acto por mandato de ley. Art. 650 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3422.

La Regla 54 de Procedimiento Civil establece los requisitos para presentar y atender un *mandamus*. A saber, el auto de *mandamus* podrá obtenerse presentando una solicitud jurada al efecto. Cuando el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa por no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación y tan pronto sea conveniente, celebrará una vista,

recibiendo prueba, si es necesario, y dictará su decisión prontamente. 32 LPRA Ap. V, R. 54.

### III.

En el caso ante nuestra consideración, Estrella Home II, LLC nos solicita que expidamos el auto de *mandamus* y ordenemos a la Jueza Lynette Ortiz Martínez a que dictamine y notifique varias mociones *post sentencia* que han sido presentadas a partir de octubre de 2023.

En atención a lo informado por la Honorable Ortiz Martínez en su *Comparecencia Especial Parte Recurrida* del 24 de octubre de 2024, resulta forzoso concluir que lo solicitado por Estrella Home II, LLC se convirtió en académico. Entiéndase que la Jueza Ortiz Martínez nos informó que el día 23 de octubre de 2024 atendió y notificó todos los asuntos *post sentencia* que estaban pendientes.

### IV.

Por los fundamentos expuestos, se deniega la expedición del auto de *mandamus*.

**Notifíquese inmediatamente.**

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones